IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROLANDO SANCHEZ,

    Plaintiff,

v.                               Case No.: 4:18-cv-456

PERMIANT, INC.,
and MOHAMMED AHMED,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROLANDO SANCHEZ, by and through his undersigned counsel, sues the Defendants, PERMIANT, INC., and MOHAMMED AHMED, and in support thereof alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. §1337 and by Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, PERMIANT, INC., has offices located in Houston, Texas.

## THE PARTIES

4. Plaintiff is an individual who resides in Houston, Texas, and worked for Defendants from May 30, 2017, to November 15, 2017, as a driver, and was paid on an hourly basis at the rate of $19.00 per hour.

5. Defendant, PERMIANT, INC., is a corporation formed and existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in Harris County, Texas.

6. Defendant, MOHAMMED AHMED, is a resident of Houston, Texas.

## UNPAID OVERTIME WAGES

7. Defendant, PERMIANT, INC., operates a company primarily engaged in business of providing waste recycling services and is an employer as defined by 29 U.S.C. § 203(d).

9. Defendant, PERMIANT, INC., has employees subject to the provisions of 29 U.S.C. §206 in the facility where Plaintiff was employed.

10. At all times material to this complaint, Defendant, PERMIANT, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material to this complaint, Defendant, PERMIANT, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12. At all times material hereto, Defendant, MOHAMMED AHMED, actively ran the business of Defendant, PERMIANT, INC., on a day-to-day basis and acted directly or indirectly in the interest of Defendant, PERMIANT, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

13. Plaintiff was at all times material individually engaged in commerce as his work was directly related to the movement products and information in interstate commerce.

14. Defendant, MOHAMMED AHMED, had the ability to hire and fire plaintiff; and, controlled Plaintiff's rate of pay and method of pay, schedule, and conditions of employment and were the Plaintiff's employer as defined by 29 U.S.C. §203(d).

Page 4 of 5

15. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.

16. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

17. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

18. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: (800) 634-8042
Ph: (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**